# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 9 2004

LUTHER D. Thomas, Clerk
By: J. Pinckney Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, | * * * * | |
| Plaintiffs | * * | |
| vs. | * * | CIVIL ACTION NO. 1:03-CV-3275 – *CC* |
| WASHINGTON MUTUAL HOME LOANS, INC., DENISE TALSMA, FREDERICK D. BURKEY, AND THE BURKEY LAW FIRM, P.C., | * * * * * | |
| Defendants. | * | |

### ANSWER AND COUNTERCLAIM OF DENISE TALSMA

COMES NOW DENISE TALSMA, Defendant in the above styled action,
who, through undersigned counsel, files this Answer showing the Court as follows:

1.

Defendant admits the allegations of Plaintiff's Complaint Paragraph 1.

2.

Defendant denies Plaintiff's Complaint Paragraph 2 for lack of sufficient
information to admit the allegations of Plaintiff's Complaint Paragraph 2.

1



3.

Defendant denies Plaintiff's Complaint Paragraph 3 for lack of sufficient information to admit the allegations of Plaintiff's Complaint Paragraph 3.

4.

Defendant admits the allegations of Plaintiff's Complaint Paragraph 4.

5.

Defendant denies Plaintiff's Complaint Paragraph 5 for lack of sufficient information to admit the allegations of Plaintiff's Complaint Paragraph 5.

6.

Defendant denies Plaintiff's Complaint Paragraph 6 for lack of sufficient information to admit the allegations of Plaintiff's Complaint Paragraph 6.

7.

Defendant admits the allegations of Plaintiff's Complaint Paragraph 7.

8.

Defendant admits the allegations of Plaintiff's Complaint Paragraph 8.

9.

Defendant denies the allegations of Complaint Paragraph 9 as pled.

10.

Defendant admits the allegations of Complaint Paragraph 10.

11.

Defendant admits on information and belief the allegations of Plaintiff's Complaint Paragraph 11.

12.

Defendant admits on information and belief most allegations of Plaintiff's Complaint Paragraph 12, but Defendant denies Plaintiff's allegation that $114,329.05 represents all benefits due and payable under the policy and submits that $119,000 is due and payable under the policy.

13.

Defendant denies Plaintiff's Complaint Paragraph 13 for lack of sufficient information to admit the allegations of Plaintiff's Complaint Paragraph 13.

14.

Defendant denies all allegations of Plaintiff's Complaint unless specifically admitted.

COMES NOW DENISE TALSMA, as Counterclaim Plaintiff in the above styled action, who, through undersigned counsel, files this Counterclaim against Counterclaim Defendant American Bankers Life Assurance Company of Florida showing the Court as follows:

3

15.

Counterclaim Plaintiff was married to Leroy W. Talsma until his death on January 26, 2002.

16.

Counterclaim Plaintiff and Leroy W. Talsma resided together at 8390 Emerald Point Lane, Gainesville, GA until his death on January 26, 2002.

17.

Defendant's Death Insurance Policy Number 5301725650 issued to Leroy W. Talsma for the intended purpose of preventing Counterclaim Plaintiff from losing her home in the event of Leroy W. Talsma's death by insuring that the mortgage on the 8390 Emerald Point Lane, Gainesville, GA residence would be paid off in the event of his death.

18.

On or about January 27, 2002, Counterclaim Plaintiff's mother, Gail Comastro, and Counterclaim Plaintiff's brother, Mark Comastro, contacted Counterclaim Defendant on behalf of Counterclaim Plaintiff to notify Counterclaim Defendant of Leroy W. Talsma's death and to initiate a claim on Counterclaim Defendant's Death Insurance Policy Number 5301725650.

4

19.

On or about January 27, 2002, Counterclaim Defendant falsely informed Counterclaim Plaintiff that Leroy W. Talsma's death was not covered under Counterclaim Defendant's Death Insurance Policy Number 5301725650.

20.

Counterclaim Plaintiff relied on Counterclaim Defendant's representation that her husband's death was not covered under Counterclaim Defendant's Death Insurance Policy Number 5301725650.

21.

Because of the death of her husband Counterclaim Plaintiff knew she would not be able to make mortgage payments on Counterclaim Plaintiffs' 8390 Emerald Point Lane, Gainesville, GA home.

22.

Because Counterclaim Plaintiff would not be able to make mortgage payments on her 8390 Emerald Point Lane, Gainesville, GA home, Counterclaim Plaintiff was forced to sell her 8390 Emerald Point Lane, Gainesville, GA home on or about March 31, 2002.

23.

Counterclaim Plaintiff subsequently retained Frederick D. Burkey of The

Burkey Law Firm to represent her.

24.

On or about August 20, 2003, Frederick D. Burkey of The Burkey Law Firm made a demand on Counterclaim Defendant pursuant to Official Code of Georgia Section 33-4-7 for Counterclaim Defendant to pay the proceeds of Counterclaim Defendant's Death Insurance Policy Number 5301725650 to Counterclaim Plaintiff.

25.

On or about September 30, 2003, Counterclaim Defendant informed Frederick D. Burkey that Counterclaim Defendant had issued a $114,329.05 check pursuant to Counterclaim Defendant's Death Insurance Policy Number 5301725650 payable to Washington Mutual Home Loans, Inc., Counterclaim Plaintiff and The Burkey Law Firm.

26.

The inequitable effect of paying Counterclaim Defendant's Death Insurance Policy Number 5301725650 proceeds to Washington Mutual would be to give an underserved windfall to the owner of Counterclaim Plaintiff's former residence who is making mortgage payments to Washington Mutual.

6

27.

The inequitable effect of paying Counterclaim Defendant's Death Insurance Policy Number 5301725650 proceeds to Washington Mutual would be to give an underserved benefit to Washington Mutual which has given no consideration for the benefit and is receiving mortgage payments from the property owner.

28.

The inequitable effect of paying Counterclaim Defendant's Death Insurance Policy Number 5301725650 proceeds to Washington Mutual would be to preclude Counterclaim Plaintiff from receiving the benefits of Counterclaim Defendant's Death Insurance Policy Number 5301725650 which Counterclaim Plaintiff is entitled to receive because her husband paid for and died for its benefits.

29.

Because Counterclaim Defendant's initial false denial that Leroy W. Talsma's death was covered under Counterclaim Defendant's Death Insurance Policy Number 5301725650 caused Counterclaim Plaintiff to sell her home before learning that her husband's death was covered by Counterclaim Defendant's Death Insurance Policy Number 5301725650, because Washington Mutual paid no consideration to benefit from Counterclaim Defendant's Death Insurance Policy Number 5301725650 and is receiving mortgage payments from the owner of

Counterclaim Plaintiff's former residence and because the Counter Claim Defendant's Death Insurance Policy Number 5301725650 was intended to benefit Counterclaim Plaintiff, Counterclaim Plaintiff is entitled to Counterclaim Defendant's Death Insurance Policy Number 5301725650 proceeds.

30.

Because Counterclaim Defendant's initial false denial that Leroy W. Talsma's death was covered under Counterclaim Defendant's Death Insurance Policy Number 5301725650 caused Counterclaim Plaintiff to sell her home before learning that her husband's death was covered by Counterclaim Defendant's Death Insurance Policy Number 5301725650 and because Counterclaim Defendant has failed to tender $119,000 to Counterclaim Plaintiff within 60 days of Counterclaim Plaintiff's August 20, 2003 Official Code of Georgia Section 33-4-7 demand on Counterclaim Defendant, Counterclaim Plaintiff is entitled to Counterclaim Defendant's Death Insurance Policy Number 5301725650 proceeds, together with penalties provided for by Official Code of Georgia Section 33-4-7.

31.

On information and belief, there are other instances of Counterclaim Defendant initially denying legitimate insurance claims, which may rise to the level of a pattern to support additional legal claims against Counterclaim

8

Defendant.

WHEREFORE, DEFENDANT DENISE TALSMA AND COUNTERCLAIM PLAINTIFF PRAY

a) that the case be tried by a jury as to all issues triable by jury;

b) that judgment be rendered in favor of Defendant Denise Talsma and Counterclaim Plaintiff;

c) that costs be assessed against Plaintiff and Counterclaim Defendant;

d) that Defendant Denise Talsma and Counterclaim Plaintiff be granted all appropriate equitable relief.

This 29th day of March 2004.

Submitted by,

James H. Carter, Jr.
Counsel for Denise Talsma
Georgia State Bar No. 114420

4555 Mansell Road, Suite 300
Atlanta, Georgia 30022
(770) 521-4377

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **AMERICAN BANKERS LIFE** | * | |
| **ASSURANCE COMPANY OF** | * | |
| **FLORIDA,** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 1:03-CV-3275** |
| | * | |
| **WASHINGTON MUTUAL HOME** | * | |
| **LOANS, INC., DENISE TALSMA,** | * | |
| **FREDERICK D. BURKEY, AND** | * | |
| **THE BURKEY LAW FIRM, P.C.,** | * | |
| | * | |
| **Defendants.** | * | |

**Certificate of Service**

I hereby certify that I have served by properly mailing the foregoing

ANSWER OF DENISE TALSMA this 29th day of March 2004 to:

Monica L. Wingler, Esq.
Alembik, Fine & Callner, PC
245 Peachtree Center Avenue, 4th Floor
Atlanta, Georgia 30303

Douglas L. Brooks, P.C.
P.O. Box 8477
Atlanta, Georgia 30306-8477

The Burkey Law Firm
402 Abby Court
Alpharetta, Georgia 30004

Frederick D. Burkey, Esq.
402 Abby Court
Alpharetta, Georgia 30004

James H. Carter, Jr.
Counsel for Denise Talsma
Georgia State Bar No. 114420

4555 Mansell Road, Suite 300
Alpharetta, Georgia 30022
(770) 521-4377

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **AMERICAN BANKERS LIFE** | * | |
| **ASSURANCE COMPANY OF** | * | |
| **FLORIDA,** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 1:03-CV-3275** |
| | * | |
| **WASHINGTON MUTUAL HOME** | * | |
| **LOANS, INC., DENISE TALSMA,** | * | |
| **FREDERICK D. BURKEY, AND** | * | |
| **THE BURKEY LAW FIRM, P.C.,** | * | |
| | * | |
| **Defendants.** | * | |

## LR 5.1B CERTIFICATION

Pursuant to LR 7.1D and LR 5.1B, I certify that this document has been prepared with a font and point selection approved by LR 5.1B.

James H. Carter, Jr.
Counsel for Denise Talsma
Georgia State Bar No. 114420

4555 Mansell Road, Suite 300
Alpharetta, Georgia 30022
(770) 521-4377

12